OPINION
{¶ 1} On August 11, 2003, the trial court adopted a decisionof its magistrate and entered a judgment in the amount of$1,728.00 in favor of Plaintiffs, Tom and Amy Ott, on their claimfor relief against Defendant, Curtis Reynolds. The Otts hadclaimed that Reynolds was negligent in preparing a termiteinfestation inspection report concerning a house the Otts wishedto purchase and later did. The amount of the judgment is the costof repairs the Otts said they were required to make as aproximate result of Reynolds' alleged negligence. Reynolds hasappealed from that judgment.
 {¶ 2} Reynolds argues on appeal, as he did in the trial court,that his oral agreement with the Otts required him to provideonly an estimate of the cost of treating any termite infestation,not to report the extent and cost of repair of any termitedamage, and that he provided the estimate he promised. Reynolds'contentions challenge the weight and meaning of the evidencepresented in the trial court's proceedings concerning theintentions of the parties with respect to what their respectiverights and duties would be when they entered into theircontract.
 {¶ 3} App.R. 9(B) states that "[i]f the appellant intends tourge on appeal that a finding or conclusion is unsupported by theevidence or is contrary to the weight of the evidence, theappellant shall include in the record a transcript of allevidence relevant to the findings or conclusion." The transcriptis prepared by the person appointed by the court to transcribeits recorded proceedings. Id. If no record was made from whicha transcript can be made, the appellant may prepare and file astatement of the evidence approved by the adverse party and thecourt. App.R. 9(C). Alternatively, the parties may prepare anagreed statement of the record for the trial court's approval.App.R. 9(D).
 {¶ 4} The record indicates that on July 31, 2003, when heobjected to the magistrate's decision, Reynolds requested atranscript of the proceedings before the magistrate. However, therecord contains no transcript of those proceedings or anysubstitute for a transcript. The summary of docket and journalentries prepared by the clerk bears an entry stating that, alsoon July 31, 2003, "Attorney Notified by Phone About Transcript."The meaning of that entry is unexplained.
 {¶ 5} Absent a transcript or other record of the evidencebefore the magistrate, we cannot determine whether the trialcourt erred when it adopted the magistrate's decision. Therefore,we can only presume the validity of the trial court's proceedingsand overrule the error assigned. Knapp v. Edwards Laboratories(1980), 60 Ohio St.2d 197.
 {¶ 6} The assignment of error is overruled. The judgment ofthe trial court will be affirmed.
 Fain, P.J. and Wolff, J., concur.